UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KATHURY KAMYLLA DE OLIVERA SOUZA,

Petitioner,

v.

U.S. GENERAL ATTORNEY, *et al.*,

Respondents.

Case No. 1:26-cv-04494-KES-CDB (HC)

(A-Number: A-246-934-441)

FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS

(Doc. 1)

**7-Day Objection Period**

Petitioner Kathury Kamylla De Olivera Souza ("Petitioner"), a federal immigration detainee proceeding pro se and *in forma pauperis*, initiated this action on June 11, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, while in custody of Immigration and Customs Enforcement ("ICE") at the California City Detention Center in California City. (Doc. 1). Respondents are the U.S. General Attorney, ICE, and the unnamed Warden of the California City Detention Center (collectively, "Respondents"). *Id.* at 1.

For the reasons set forth herein, the undersigned recommends that Petitioner's petition for writ of habeas corpus (Doc. 1) be granted.

## I. Relevant Background

Petitioner is a native and citizen of Brazil who was admitted to the United States as a B-2 visitor on January 20, 2025, with authorization to remain until July 19, 2025. (Doc. 7-1, "Ex. 1" at

3) (May 24, 2026, Form I-213 Record of Deportable/Inadmissible Alien). On May 23, 2026, Petitioner, identified as a visa overstay, was apprehended by immigration authorities (ICE) and placed in immigration detention. *Id.* at 2-3. On May 24, 2026, Petitioner was issued a Notice to Appear ("NTA") and processed for removal proceedings under section 240 of the Immigration and Nationality Act ("INA"). (Doc. 7-2, "Ex. 2" at 1). The NTA states that Petitioner is removable as a visa overstay. *Id.*

Based on their filing of a screenshot from the Executive Office for Immigration Review's ("EOIR") case management system, Respondents assert in their response to the petition that Petitioner had not requested a bond hearing before an immigration judge. *See* (Doc. 7 at 2-3); (Doc. 7-3, "Ex. 3") (screenshot of Petitioner's DHS Portal Alien electronic records of proceedings ("eROPs") in comparison to a petitioner's portal page with completed bond hearings). Based on this assertion, Respondents argue that the petition should be denied because Petitioner failed to exhaust her administrative remedies. Doc. 7 at 2-3).

However, on July 1, 2026, Petitioner filed a reply to Respondents' response to the petition in which she represents that she signed a Notice of Custody Determination Form I-286 and selected the checkbox requesting an immigration judge review of her custody determination. (Doc. 8 at 2). Thereafter, the Court ordered Respondents to file either a copy of any Form I-286 relating to Petitioner's detention or a declaration of a knowledgeable witness attesting that no such form or document exists, in which case Respondents shall address the implications of Petitioner's detention absent a completed Form I-286. (Doc. 9).

On July 23, 2026, Respondents timely filed Petitioner's Form I-286 indicating Petitioner acknowledged receipt of the Notice of Custody Determination and that she requested an immigration judge review of her custody determination. (Doc. 10).

The undersigned takes judicial notice that Petitioner has was ordered removed on August 13, 2026, has no future hearings scheduled in immigration court, and that an appeal to the BIA is due by September 14, 2026.[1]

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 2, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-

## II. Governing Authority

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." *Nadaraja v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

## III. Discussion

### A. Exhaustion

#### 1. *Governing Authority*

"Section 2241 … 'does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001)). The Ninth Circuit, however, requires that, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez*, 239 F.3d at 1047 (citing *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997)). "Under the doctrine of exhaustion, 'no one is entitled to judicial relief for a supposed or threatened injury until the prescribed ... remedy has been exhausted.'" *Laing*, 370 F.3d at 997-98 (citing *McKart v. United States*, 395 U.S. 185, 193 (1969)). "Exhaustion can be either statutorily or judicially required. If exhaustion is required by statute, it

---

99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co.*, 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." *Id.* at 998 (citing *El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review,* 959 F.2d 742, 746 (9th Cir. 1991); *Stratman v. Watt,* 656 F.2d 1321, 1325-26 (9th Cir. 1981)). "Although courts have discretion to waive the exhaustion requirement when it is prudentially required, this discretion is not unfettered…. Lower courts … [must] first determin[e whether] the exhaustion requirement has been satisfied or properly waived." *Id.* (internal citations omitted); *see Murillo v. Mathews*, 588 F.2d 759, 762, n.8 (9th Cir. 1978) ("Although the application of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion, it is not lightly to be disregarded.").

Where a petitioner fails to exhaust his administrative remedies, a court "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).

2. *Analysis*

Respondents inexplicably assert and argue that Petitioner is not entitled to relief because she did not request a bond hearing and, thus, failed to exhaust her administrative remedies prior to commencing this action. (Doc. 7 at 1). However, as noted above, Respondents filed Petitioner's Form I-286 that reflects Petitioner indeed requested an immigration judge review her custody determination. (Doc. 10).

Thus, Petitioner exhausted her administrative remedies. And those administrative remedies were inadequate because the government reportedly did not provide her with a bond hearing. *See Hernandez*, 872 F.3d at 998 ("[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'") (quoting *Laing*, 370 F.3d at 1000). Accordingly, the undersigned will recommend that the Court reject Respondents' sole argument – that the petition should be denied because Petitioner failed to exhaust her administrative remedies.

///

**B. 8 U.S.C. § 1226(a)**

"Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an IJ at any time before a removal order becomes final." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19). "If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk, the IJ will order his release." *Id*. (internal quotation and citations omitted).

Here, Respondents correctly concede that Petitioner is subject to detention under §1226(a) and that she is entitled to a bond hearing, but as discussed above, rely on a meritless argument that because Petitioner has not requested a bond hearing, she failed to exhaust her administrative remedies and is not entitled to relief. (Doc. 7 at 1).

Although Petitioner was ordered removed on August 13, 2026, her removal proceedings are not yet final given she has an opportunity to appeal the immigration judge's decision to the Board of Immigration Appeals ("BIA") by September 14, 2026. Because the record does not show Petitioner ever received or was denied a bond hearing for which she is entitled by statute, the undersigned finds that Petitioner has shown a violation of his rights under § 1226(a). Accordingly, the undersigned will recommend that the petition for writ of habeas corpus be granted and that Respondents be ordered to provide Petitioner with a bond hearing.

## IV. <u>Conclusion and Recommendation</u>

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.
2. Respondents be ORDERED to provide Petitioner with a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within seven (7) days of the date of this order, at which Petitioner's eligibility for bond must be considered by a neutral decisionmaker such that continuing physical custody is legally justified.
3. Respondents be ORDERED to immediately provide Petitioner with a copy of this Order and provide him with 72 hours' written notice before the bond hearing in a language

that he can understand. Petitioner may be represented by an attorney at this hearing, and Respondents may extend the deadline at Petitioner's request so that he can obtain an attorney. If Petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider Petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond.

4. Respondents be ORDERED to release Petitioner if they do not provide him with a bond hearing within seven (7) days.
5. The Clerk of the Court be DIRECTED to enter judgment in favor of Petitioner and close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

///

///

///

///

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 2, 2026**

UNITED STATES MAGISTRATE JUDGE